IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY RYAN HADDIX | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-2352-K-BD |
| | § | |
| STATE OF TEXAS, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Jeremy Ryan Haddix, a Texas probationer, against the State of Texas, two state prosecutors, and three Johnson County deputy sheriffs. On November 17, 2010, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on December 30, 2010. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## II.

Plaintiff presents multiple claims arising out of his arrest, prosecution, and conviction on state weapons charges. As best the court can decipher his complaint and interrogatory answers, plaintiff appears to allege that Johnson County deputy sheriffs arrested him without probable cause, transported him to jail in a speeding vehicle without securing him with a seatbelt, assigned him to an upper bunk despite his hernia condition, tampered with evidence, and failed to appear at scheduled court proceedings. (*See* Plf. Compl. at 1-3, ¶¶ 4-6; Mag. J. Interrog. #1-4). Plaintiff further alleges that the State of Texas and two of its prosecutors denied him a speedy trial, delayed his release from custody, maliciously prosecuted him based on false information, filed a "fraudulent" motion for continuance, and conspired to make him miss a scheduled court appearance resulting in a finding of contempt. (*See* Plf. Compl. at 3, ¶¶ 7-8; Mag. J. Interrog. #5-6). By this suit, plaintiff seeks more than $2.7 million in compensatory and punitive damages.

### A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i)   is frivolous or malicious;
>
> (ii)  fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that the State of Texas cannot be sued for money damages in federal court absent a waiver of Eleventh Amendment immunity. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309-10, 105 L.Ed.2d 45 (1989). Although Texas has waived immunity for certain tort claims, *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021 & 104.002, "the waiver of immunity does not apply to any claim 'based on an act or omission of a court of this state or any member of a court of this state acting in his official capacity or to a judicial function of a governmental unit.'" *Kastner v. Lawrence*, 390 Fed. Appx. 311, 2010 WL 3023304 at *3 (5th Cir. July 23, 2010), *quoting* TEX. CIV. PRAC. & REM. CODE ANN. § 101.053(a). Therefore, plaintiff cannot sue the State for monetary damages under 42 U.S.C. § 1983.

C.

Nor can plaintiff sue the state prosecutors named in his complaint. Prosecutors have absolute immunity for actions taken within the scope of their jurisdiction. *See Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1976). Because the prosecutors were acting within the

scope of their authority at all times relevant to the claims made the basis of this suit, (*see* Plf. Compl. at 3, ¶¶ 7-8; Mag. J. Interrog. #5-6), they are entitled to absolute immunity. *See Tippett v. Foster*, No. 3-10-CV-0744-B, 2010 WL 2891119 at *2 (N.D. Tex. Jun. 16, 2010), *rec. adopted*, 2010 WL 2912248 (N.D. Tex. Jul 19, 2010).

D.

The claims related to plaintiff's arrest, prosecution, and conviction are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Heck* holds that a person convicted of a crime cannot bring a section 1983 action directly challenging the conviction unless and until the conviction has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *See Heck*, 114 S.Ct. at 2372. The critical inquiry is whether a judgment in favor of the plaintiff in the civil action would "necessarily imply the invalidity" of the state criminal proceeding. *Id.* If so, the claim is barred. *Id.*; *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000).

In his interrogatory answers, plaintiff acknowledges that no court has ever reversed or invalidated his state conviction. (*See* Mag. J. Interrog. #9). Consequently, plaintiff cannot maintain a section 1983 action for wrongful arrest, malicious prosecution, tampering with evidence, failing to appear at court proceedings, and any other conduct that implies the invalidity of the state criminal proceeding.

E.

That leaves plaintiff's claims against the Johnson County deputy sheriffs who transported him to jail in a speeding vehicle without securing him with a seat belt, and assigned him to an upper bunk despite his hernia condition. (*See* Mag. J. Interrog. #1(b) & (c)). "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out

of tort law." *Baker v. McCollan*, 443 U.S. 137, 145-46, 99 S.Ct. 2689, 2695-96, 61 L.Ed.2d 433 (1979). Many acts that might give rise to a state tort claim do not amount to a federal constitutional violation. *Id. See also Nesmith v. Taylor*, 715 F.2d 194, 195 (5th Cir. 1983) ("It is fundamental to our federal jurisprudence that state tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right."). Such is the case here. Plaintiff does not allege any facts which, if proved, suggest that defendants possessed subjective knowledge of a substantial risk of serious harm or acted with deliberate indifference to that risk. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994). At best, plaintiff has stated a claim of negligence or gross negligence which is not actionable under 42 U.S.C. § 1983. *See Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001) ("[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm.").[1]

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An

---

[1] To the extent plaintiff intends to assert a negligence claim under the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE ANN. § 101.001, *et seq.*, the court declines to exercise supplemental jurisdiction over that claim. *See* 28 U.S.C. § 1367(c)(3). The same is true for plaintiff's allegations of slander and libel, which arise exclusively under Texas law. *See Tippett*, 2010 WL 2891119 at *3 (declining to exercise supplemental jurisdiction over state defamation claims brought by Texas prisoner where federal claims were dismissed on initial screening).

objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 5, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE