## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY RYAN HADDIX | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:10-CV-2352-K |
| | ) | |
| STATE OF TEXAS et al., | ) | |
| Defendants. | ) | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. Plaintiff filed objections on January 19, 2011, and the District Court has made a de novo review of those portions of the proposed findings and recommendation to which objection was made.

Plaintiff's objections are **OVERRULED**, and the Court **ACCEPTS** the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

The court has considered the motion to amend attached to plaintiff's objections, which seeks to add new claims against his court-appointed lawyers and the state judge who presided over his criminal trial. The new claims are also subject to summary dismissal. Private attorneys are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Featherston v. Knize*, No. 3-06-CV-0729-K, 2006 WL 2215950 at *3 (N.D. Tex. Aug. 2, 2006), *citing Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). Judges have absolute immunity for actions taken within the scope of their jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Plaintiff further alleges that he was forced into "involuntary servitude" by Texas officials, who were "grossly

negligent" in failing to investigate his allegations of misconduct. These allegations, which are not supported by any facts, fail to state a claim upon which relief can be granted. *See Osborne v. Moeller*, No. 3-09-CV-2341-D, 2010 WL 2944740 at *1 (N.D. Tex. May 21, 2010) (failure to investigate is not actionable under 42 U.S.C. § 1983).

SO ORDERED.

**SIGNED this 24ᵗʰ day of January, 2011.**

_Ed Kinkeade_

**ED KINKEADE**
**UNITED STATES DISTRICT JUDGE**